**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1399
_____

LISA MARIE SMITH,
                              Appellant

v.

KELLY SERVICES INC; PHILADELPHIA SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-03600)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 1, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Lisa Smith appeals from an order of the United States District Court for the

Eastern District of Pennsylvania, which granted summary judgment to Kelly Services,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Inc., and the School District of Philadelphia, the defendants in her employment discrimination case. We will affirm the District Court's judgment.

Smith was a substitute teacher in a Philadelphia elementary school, but she was employed by Kelly Services and not by the School District. Smith filed a second amended complaint, raising claims against Kelly Services under 42 U.S.C. § 1981, and claims against the School District under 42 U.S.C. § 1983,[1] Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, et seq. She alleged that she was fired from her substitute teacher position in retaliation for having reported students' racially abusive language, and that the students' use of such language created a hostile work environment.[2] Kelly Services stated that it fired Smith for violating its "no-touch" policy when she touched a fifth-grade student.[3]

The District Court granted Kelly Services summary judgment on the retaliation claim because Smith never informed Kelly Services that she had reported students for

[1] The District Court dismissed the § 1983 claims against the School District because Smith failed to plausibly allege that the School District had a policy or custom of tolerating racial harassment by students. Dkt. #52 (citing Monell v. N.Y. Dep't of Soc. Servs, 436 U.S. 658, 691 (1978)). Smith does not challenge that decision in her brief here and we discern no error in the District Court's decision.

[2] The Second Amended Complaint was filed by appointed counsel. Counsel was later granted leave to withdraw and Smith then proceeded pro se. Dkt. #59.

[3] Smith was accused of "busting the lip" of a student, but an investigator with the Department of Human Services determined that the report of child abuse was "unfounded." But Smith did admit that she grabbed the student's shirt to get him to get back in line.

2

using racially abusive language (she reported students' behavior only to certain School District staff). The Court also agreed with the defendants that Smith had not established a genuine issue of material fact regarding whether she experienced a hostile environment, as she had submitted no evidence showing that "she suffered 'intentional discrimination due to . . . her race,'" or that any "abuse was 'severe or pervasive.'"[4] Dkt. #83 at 4. As to the claims against the School District, the District Court determined that the School District was not liable for her claims as it was not Smith's employer. Smith timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute about any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

To succeed on her retaliation claim, Smith would have to show: (1) protected employee activity; (2) "adverse action by the employer either after or contemporaneous

---

[4] The Court noted that although her second amended complaint stated that she experienced almost "daily" racial abuse from the students and that she "repeatedly" reported the harassment to the school, at her deposition, she recalled just four specific incidents, only one of which was documented by a complaint to school officials. And that report did not mention any racial abuse; instead, it simply mentioned that the student used "profanity." Dkt. #83 at 4. The Defendants also noted in their summary judgment motion that of the incidents Smith recalled, only the one that was reported involved a racist comment directed at *her*. Dkt. #72-1 at 12.

with the employee's protected activity"; and (3) a causal connection between the protected activity and the adverse action. Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015). We agree with the District Court that Smith did not proffer any evidence suggesting a causal connection. Smith argues that she was fired for reporting racial harassment by students. Such reporting would be "protected activity," see id., but as the District Court noted, Kelly Services could not have fired Smith *because* she reported student behavior if it did not know that she had *made* such reports.[5]

As to her hostile work environment claim, even if we assume for the sake of argument that Smith established a genuine issue of material fact regarding what she experienced at work, Smith has not explained why Kelly Services should be liable, since she did not establish that it was aware of the situation. See Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293-94 (3d Cir. 1999) (holding that an employer can be liable for a hostile environment only if it "knew or should have known of the harassment and failed to take prompt remedial action"). As for the School District, Smith concedes that the School District was not her employer, which is a requirement for liability under Title

---

[5] Smith also argues in her brief that Kelly Services' "no-touch" policy violates Pennsylvania law. Whether Kelly Services may hold its employees to a more rigorous standard than other teachers is not properly before us, as the issue does not affect whether Smith was discharged as retaliation for protected conduct.

VII,[6] the Pennsylvania Human Relations Act,[7] and the Philadelphia Fair Practices Ordinance,[8] and she has explained no other basis for liability.

For all of these reasons, we will affirm the District Court's judgment.

---

[6] 42 U.S.C. § 2000e-2(a).

[7] 43 Pa. Stat. Ann. § 955.

[8] Phila. Code § 9-1103.